IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRINCESS AMINA SALVADOR,
    Plaintiff,

vs.                                   Case No.: 3:18cv63/RV/EMT

DEPUTY REED,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, initiated this civil action by filing a complaint and a motion to proceed in forma pauperis (ECF Nos. 1, 2). Upon review of the complaint, it is apparent that venue is not proper in the Northern District. Accordingly, this case should be transferred.

Plaintiff is an inmate of the Baker County Jail (*see* ECF No. 1 at 2, 8, 13). She names Deputy Reed, a deputy employed at the Baker County Jail, as the sole Defendant (*id.* at 1, 3). Plaintiff's complaint concerns events that occurred during her incarceration at the Baker County Jail (*id.* at 6, 9–12).

Venue for civil actions is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

> substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns, 689 F.2d. 982, 985 (11th Cir. 1982). Such transfers may be made sua sponte by the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Robinson v. Madison, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); Empire Gas Corp. v. True Value Gas of Fla., Inc., 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord* Roofing & Sheeting, 689 F.2d at 991 n.14.

This judicial district has no relation to the litigation at issue. The acts or occurrences forming the basis of the complaint occurred in Baker County, Florida, which is located in the Middle District. Both parties reside in the Middle District. Neither the private interests of the litigants nor the public interest in the administration

of justice is even minimally advanced by venue being maintained in this district.[1]

Therefore, in the interest of justice, this action should be transferred to the Middle District.

Accordingly, it is respectfully, **RECOMMENDED**:

1.	That this case be transferred to the United States District Court for the Middle District of Florida.

2.	That the clerk of court be directed to close the file.

At Pensacola, Florida, this 10th day of January 2018.


	*/s/ Elizabeth M. Timothy*
	**ELIZABETH M. TIMOTHY**
	**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district**

---

[1] Although Plaintiff's choice of forum is ordinarily given consideration, Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." Windmere Corp. v. Remington Prods, Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted).

**court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**